Oweh McGivern, J.
The plaintiff herein is a widow seeking the return of her husband’s ashes and requesting damages for the wrongful retention of them by her brother-in-law.
The litigation came about by the following facts: The plaintiff, Gertrude Schmidt, was married to one Alfred Schmidt on April 6, 1950. Alfred died on September 5, 1950, while at the home of his mother, at which residence the defendant brother-in-law also lived. Although the plaintiff paid for the funeral expenses of her husband, the arrangements were made by his mother and the defendant brother. These arrangements included cremation, to which the plaintiff consented. At the request of the mother, the plaintiff further consented to leaving the ashes of her husband at the common home of the mother and the defendant brother-in-law.
Following the death of the mother in October, 1960, the plaintiff testified she began her quest for the return of her husband’s ashes. According to her, he, the defendant, however, persisted in putting her off. There is some inconclusive evidence of an understanding that she would find a suitable home, which the defendant would approve, and then he would deliver the urn *499 containing the ashes in question, and that meanwhile he would retain the same. Finally, in 1963, the plaintiff purchased a home in New Jersey and she mailed a registered letter requesting again her husband’s ashes. She then visited the defendant, repeating the request. He, however, said the ashes were then at the home of his son.
On balance, the court credits the plaintiff’s story. She, as a witness, proved to be an honest, unlettered woman, gullible, and apparently easily warded off by any plausible story. The defendant, on the other hand, was shrewd, taciturn, uncandid. Not in his favor was his handling of his brother’s death certificate, which he permitted to be filled out in such a manner as would indicate he was “widowed”. His dislike of the plaintiff was thinly veiled. And he himself admitted to the somewhat ghoulish penchant of holding on to the ashes of his kinfolk, now including the urns of his mother, father and, the court believes, those of the plaintiff’s husband, his brother.
The court finds that there has been a wrongful detention of the ashes of the plaintiff’s husband, and she has, not unnaturally, been distressed. The court fixes damages in the sum of $1,000, and directs the return of the ashes to the plaintiff, forthwith.
The legal authority for the foregoing is to be found in an exhilarating volume called “ The Law of Cadavers ” by Percival E. Jackson. (See, also, Gostkowski v. Roman Catholic Church, 262 N. Y. 320; Lubin v. Sydenham Hosp., 261 App. Div. 499.) Settle judgment.